Argued January 7, affirmed January 30, 1963

## POE v. GLADDEN

378 P. 2d 276

*Ralph W. G. Wyckoff,* Salem, argued the cause and submitted a brief for appellant.

*C. L. Marsters,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is a proceeding brought under the Post-Conviction Hearing Act (ORS 138.510 to 138.680) by Du-

pree Poe against Clarence T. Gladden, Warden of the Oregon State Penitentiary. Defendant demurred to plaintiff's petition for relief. The demurrer was sustained and an order was entered dismissing plaintiff's petition. Plaintiff appeals from that order.

In 1932 plaintiff was sentenced to life imprisonment upon a judgment of conviction for first degree murder. Since that time he has sought post-conviction relief at various times but without success. In the current proceeding the lower court sustained defendant's demurrer to the petition on the ground that all of the issues raised in the present proceeding had been considered or could reasonably have been asserted in prior post-conviction proceedings, particularly in *Anderson ex rel. Poe v. Gladden,* 205 Or 538, 288 P2d 823 (1955), cert. denied, 350 US 974, 76 S Ct 451, 100 L Ed 845 (1956), in which proceeding plaintiff was represented by counsel.[1] We agree with this conclusion. Therefore, the judgment must be affirmed.

---

[1] ORS 138.550 (4) provides as follows:

"(4) Except as otherwise provided in this subsection, no ground for relief under ORS 138.510 to 138.680 claimed by petitioner may be asserted when such ground has been asserted in any post-conviction proceeding prior to May 26, 1959, and relief was denied by the court, or when such ground could reasonably have been asserted in the prior proceeding. However, if petitioner was not represented by counsel in such prior proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided in the prior proceedings may be raised in the first petition for relief pursuant to ORS 138.510 to 138.680. Petitioner's assertion, in a post-conviction proceeding prior to May 26, 1959, of a ground for relief under ORS 138.510 to 138.680, and the decision of the court in such proceeding adverse to the petitioner, shall not prevent the assertion of the same ground in the first petition pursuant to ORS 138.510 to 138.680 if the prior adverse decision was on the ground that no remedy heretofore existing allowed relief upon the grounds alleged, or if the decision rested upon the inability of the petitioner to allege and prove matters contradicting the record of the trial which resulted in his conviction and sentence."