(No. 39163.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE CHAPMAN, Appellant.

*Opinion filed November 19, 1965.*

STEPHEN JURCO and JAMES R. MITCHELL, both of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys

General, and ELMER C. KISSANE and STUART P. SHAPIRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Willie Chapman, pleaded guilty to a charge of robbery and was sentenced to the penitentiary for a term of not less than 5 nor more than 12 years. On December 20, 1962, he filed a post-conviction petition which alleged (1) that his conviction was based upon the false and conflicting testimony of a former companion and accomplice; (2) that the difference in the sentences imposed (apparently the sentence imposed upon the defendant and that imposed upon his accomplice) was too great; and (3) that the trial judge showed unfairness in sentencing the defendant by observing that he was a parole violator. The petition concluded with a request that the court consider a sentence of five years to five years and a day, with credit allowed for time served. A motion of the People to dismiss this petition because it failed to raise any constitutional issue was allowed on February 28, 1963. No attempt was made to review this determination.

On July 2, 1964, the defendant filed a second post-conviction petition which contained the same allegations, and again sought a reduction in the defendant's sentence. Attached to this petition was a statement captioned "Evidences to the Criminal Court" which stated that the State's Attorney knowingly used perjured testimony to convict the defendant, that the police had blindfolded and beaten him for five days and nights, and that alibi witnesses who were present in court were not permitted to testify in his behalf. The People moved to dismiss the second petition on the ground that the matters it asserted were *res judicata* by reason of the dismissal of the prior petition. On September 10, 1964, this motion was allowed, and the defendant has appealed.

On each of his post-conviction petitions the defendant was represented in the trial court by the public defender. The attorney who represents him by appointment upon this appeal contends that the defendant did not receive effective representation with respect to his first post-conviction petition because no effort was made to amend the petition. But that petition suggested no deprivation of any constitutional right, and the public defender was therefore not derelict in failing to seek leave to amend.

With respect to post-conviction hearings the Criminal Code provides: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1963, chap. 38, par. 122—3.) We hold that the circuit court of Cook County did not err in dismissing the second post-conviction petition, and its judgment is affirmed.

*Judgment affirmed.*