(No. 40453.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
FRANK A. POLANSKY, JR., Appellant.

*Opinion filed January 19, 1968.*

WILLIAM E. STEWART, of Kewanee, appointed by the
court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and JAMES B. FULTON, State's Attorney, of Cambridge,
(FRED G. LEACH, Assistant Attorney General, of counsel,)
for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

Following appointment of counsel on April 29, 1965,
and waiver of indictment on May 6, an information was
filed in the circuit court of Henry County charging Frank
A. Polansky, Jr., with armed robbery. After being fully
apprised of his rights on June 4 he pleaded guilty, judg-
ment was entered and, following a brief hearing in aggra-
vation and mitigation, he was sentenced to a term of im-
prisonment of 3 to 10 years.

Defendant subsequently filed his original *pro se* post-

conviction petition on April 18, 1966, alleging that he was: "(A) Not Arrested Legally. (B) Not Tried by an Indictment. (C) Not Advised of [his] Rights After Becoming a Suspect in the Proceedings. (D) Not Allowed to See an Attorney for an Unreasonable Length of Time." In his petition the defendant also set forth the fact of his indigency and asked that counsel be appointed to represent him. The trial court without appointing counsel found that the alleged grounds for post-conviction relief were without merit and dismissed the petition on April 21. No appeal was taken.

On July 19, 1966, the defendant filed a second petition for a post-conviction hearing in which he alleged the following: (1) that his conviction was obtained by psychological coercion and promises of leniency; (2) that he was not advised of his rights to counsel and to remain silent; (3) that counsel was not appointed until the defendant waived grand jury indictment and as a result he waived available defenses; (4) that the representation of court-appointed counsel was of such low caliber as to amount to no representation; (5) that the information filed against him was void; and (6) that he was induced to plead guilty by promises and threats. The defendant's second post-conviction petition was dismissed November 4 on the State's motion by an order finding the allegations of the petition insufficient and that "a like petition of the defendant's and said subject matter and the relief sought has heretofore been adjudicated." This appeal is from that order. The issue before us is whether failure to appeal the first dismissal, coupled with the doctrine of *res judicata* and waiver, bar consideration of the error of the trial court in failing to appoint counsel for defendant as requested in both post-conviction petitions.

The State relies in its brief upon defendant's failure to appeal the dismissal of the original post-conviction petition and cites *People* v. *Holland,* 33 Ill.2d 246, and *People* v. *Chapman,* 33 Ill.2d 429, including our statement from

*Holland* that "The prior denials of the post-conviction petitions are *res judicata* of all claims raised therein and of all constitutional claims which could have been raised \* \* \*." (33 Ill.2d at 248.) This rule is wholly in accord with the statutory requirement which provides: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1965, chap. 38, par. 122—3; see also Wyo. Stat. Ann. Title 7, sec. 7—408.3 (1963).) Our ruling in *Holland* combined with this statutory command evidences a policy prohibiting the piecemeal invocation of post-conviction remedies, and our research confirms that this type of *res judicata*-waiver principle has been adopted in several other jurisdictions which have considered the question. (*Ingram* v. *Warden,* 222 Md. 621, 159 A.2d 853, *cert.* den. 362 U.S. 972, 4 L. Ed. 2d 902, 80 S. Ct. 959; *Deweese* v. *Commonwealth,* (Ky.) 407 S.W.2d 402; *Poe* v. *Gladden,* 233 Ore. 324, 378 P.2d 276; *McQueeney* v. *State,* 198 Kan. 642, 426 P.2d 114, 116; see also *Farrington* v. *State* (Fla.), 183 So.2d 681, 682.) The continued viability of this rule is essential at a time when court dockets are already overflowing with appeals and other post-conviction actions in criminal cases. Granting a defendant one complete opportunity to show a substantial denial of his constitutional rights fully satisfies the fundamentals of due process, and the State is therefore free to choose this method to regulate the procedure of its courts in accordance with its own concepts of public policy and fairness. *Snyder* v. *Massachusetts,* 291 U.S. 97, 195, 78 L. Ed. 674, 54 S. Ct. 330, 332.

The *Chapman* and *Holland* cases differ from the present case because there the defendants were represented by counsel when they brought their original post-conviction petitions. Here, however, although Polansky set forth his indigent status and specifically requested appointment of counsel, the court dismissed the petition without acting upon the defendant's request. Our post-conviction statute (Ill.

Rev. Stat. 1965, chap. 38, par. 122—4) provides in part: "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." This statute is clearly phrased in mandatory terms so long as the court is satisfied that the defendant has no means to procure counsel, and there is here no indication that Polansky could afford to hire a lawyer. The evident legislative purpose in requiring counsel for the indigent petitioner and permitting amendment of the petition is to provide a means whereby a petitioner with meritorious post-conviction claims will have the assistance of counsel in drafting a legally sufficient petition or amendments thereto. Dismissal of insufficient *pro se* petitions without appointment of counsel, where properly requested, thwarts the legislative purpose and creates due process problems (*Gideon* v. *Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792; see also *Hamilton* v. *Alabama,* 368 U.S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157; *White* v. *Maryland,* 373 U.S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050) in attempting to thereafter apply *res judicata* and waiver principles predicated upon the original proceeding in which neither statutory nor due process requirements were met.

In *People* v. *Hamby,* 32 Ill.2d 291, 294, we held that it is a general rule that once a writ of error, including presentation of a bill of exceptions, has been reviewed, any claims which might have been raised, but were not, are considered waived and may not be renewed in subsequent post-conviction actions; however, we refused to apply that general rule in *Hamby,* noting that this court has not hesitated to relax its application where fundamental fairness so requires. (32 Ill.2d at 294, citing *People* v. *Sprinkle,* 27 Ill.2d 398; *People* v. *Davies,* 354 Ill. 168.) In view of the trial court's error in failing to appoint counsel to assist the

defendant on his original post-conviction petition (*People v. Hayes,* 38 Ill.2d 329), considerations of due process and fundamental fairness require us to follow the same course here as in *Hamby.* A defendant who was denied his right to appointed counsel cannot be procedurally defaulted because he failed to invoke appellate procedures in the first post-conviction proceedings where such failure to appeal most probably resulted from the absence of such counsel.

We therefore reverse the decision of the circuit court of Henry County and remand with directions to vacate the order of dismissal and to appoint counsel.

*Reversed and remanded, with directions.*