(No. 41290.—⬛)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
KENNETH D. LE MAY, Appellant.

*Opinion filed December 19, 1969.*

JOHN T. BEYNON, Public Defender, of Rockford, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PHILIP G. REINHARD, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

This is an appeal from an order of the circuit court of Winnebago County dismissing without an evidentiary hearing what were described by the defendant as two amendments to a petition he had filed under the Post-Conviction Hearing Act. Ill. Rev. Stat. 1967, ch. 38, pars. 122—1 *et seq.*

The defendant had been found guilty by a jury of the murder of his wife and, on May 31, 1963, he had been sentenced to serve 40 to 50 years in the penitentiary. Following a direct appeal to this court, his conviction had been affirmed in September 1966. *People* v. *Le May,* 35 Ill.2d 208.

On January 20, 1967, the defendant acting *pro se* filed a petition under the Post-Conviction Hearing Act alleging a substantial denial of constitutional rights. The claims of the petition were identical with the claims of error which had been considered and disapproved by this court in the direct appeal. At the defendant's request, counsel was appointed to represent him in that post-conviction proceeding. The State moved to strike the petition on the ground that the judgment of this court in the direct appeal made *res judicata* the questions presented in the petition. After argument, the circuit court, on March 30, 1967, dismissed the petition. The defendant did not appeal from the order of dismissal.

On July 7, 1967, proceeding *pro se,* the defendant filed the first of two "amendments" to the already dismissed petition. The State moved to dismiss, arguing that the court had already dismissed the defendant's petition, that the "amendment" did not contain affidavits or other evidence supporting its allegations as the Post-Conviction Hearing Act requires and that the defendant did not allege any facts which showed a substantial denial of constitutional rights. On August 24, 1967, the defendant filed what he styled the second "amendment" to the petition. After a hearing the circuit court orally observed that under the Post-Conviction Hearing Act a petitioner was limited to one presentation of claims of constitutional violation and entered an order dismissing the "amendments." On this appeal from that order the defendant, represented by counsel, urges that the trial court erred in not conducting an evidentiary hearing on the claims raised in the two amendments to his petition.

Because there was not an appeal from the dismissal of the petition of January 20, 1967, no question of the correctness of that dismissal is before us. The defendant seeks now only a review of the order dismissing his so-called amendments, and he acknowledges that the dismissal of the petition "was no doubt proper." The State contends that as the

amendments were filed after the petition had been dismissed they cannot be regarded as part of the original post-conviction petition.

Viewing the circumstances described, we conclude that the purported amendments must be regarded, not as amendments, but as a subsequent petition which was subject to dismissal under the Act.

The Post-Conviction Hearing Act provides in part: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1967, ch. 38, par. 122—3.) In *People* v. *Chapman*, 33 Ill.2d 429, this section of the Act was invoked by the State and we affirmed the trial court's dismissal of a second post-conviction petition on the ground that the matters the second petition raised were *res judicata* by reason of the dismissal of a prior petition after a hearing at which the defendant had been represented by counsel. Too, we said in *People* v. *Holland*, 33 Ill.2d 246, 248: "The prior denials of the post-conviction petitions are *res judicata* of all claims raised therein and of all constitutional claims which could have been raised * * *." Remarking that this *res judicata*-waiver principle has been adopted in a number of other jurisdictions to prohibit the piece-meal invocation of post-conviction remedies, we observed in *People* v. *Polansky*, 39 Ill.2d 84, at 86, that the Supreme Court of the United States held that granting a defendant one complete opportunity to show a substantial denial of his constitutional rights fully satisfies the fundamentals of due process.

Here, the petition having been dismissed in March 1967, could not have been amended in July, 1967. The purported amendments constituted a new petition. One may not by styling a petition an amendment to an earlier petition avoid the consequences described in section 122—3 of the Act. A legislative recognition of the necessity of finality in judgments under the Post-Conviction Hearing Act is expressed

in that section. No reason appears for disturbing the trial court's decision to dismiss the subsequent petition. The matters raised in the subsequent petition, which, in any case, are insubstantial in character, could have been presented in the first petition. Under the circumstances the dismissal of the first petition made the defendant's claims presented in the petition *res judicata.* Other constitutional claims which could have been raised in the petition must be deemed to have been waived. Ill. Rev. Stat. 1967, ch. 38, par. 122—3; *People* v. *Chapman,* 33 Ill.2d 429; *People* v. *Holland,* 33 Ill.2d 246.

Therefore, we affirm the judgment of the circuit court of Winnebago County in dismissing without an evidentiary hearing the defendant's two amendments to the petition filed under the Post-Conviction Hearing Act.

*Judgment affirmed.*