(No. 43746.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RICHARD RICHESON, Appellant.

*Opinion filed November 30, 1971.*

ILLINOIS DEFENDER PROJECT, of Mt. Vernon, and RICHARD RICHESON, *pro se,* for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (THOMAS J. IMMEL and FRED G. LEACH, Assistant Attorneys General, of counsel,) for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Effingham County denying defendant's motion for appointment of counsel and dismissing his petition for post-conviction relief. On March 5, 1959, the defendant pleaded guilty to the charge of burglary pursuant to advice of court-appointed counsel. The defendant appealed on the basis of his incompetency to stand trial and this court affirmed the conviction on March 23, 1962.*(People v. Richeson, 24 Ill.2d 182.)* Thereafter, on April 30, 1962, the defendant filed a *pro se* petition for post-conviction relief and requested appointment of counsel. This petition contended that defendant was incompetent to stand trial; that he was intoxicated at the time of the crime, and that his trial attorney was incompetent. The State moved to dismiss the petition alleging, *inter alia,* that defendant had taken an appeal to this court which had affirmed the conviction. Consequently, on June 4, 1962, the motion was granted and the petition dismissed without counsel being appointed. Defendant did not appeal this dismissal.

On June 3, 1970, he filed a *pro se* petition entitled "Second Amended Petition" again requesting appointment of counsel. This "Amended" petition asserted incompe-

tency of his court-appointed trial counsel in his 1959 proceeding. The State moved to dismiss this petition, alleging that: (1) it failed to clearly set forth the constitutional grounds relied on; (2) it was not supported by affidavits or records; (3) it failed to identify any previous proceedings petitioner might have taken to secure release from his conviction; and (4) that petitioner had appealed to this court which affirmed the conviction. The petition was dismissed and the motion for appointment of counsel denied. Defendant has appealed.

The provisions of the Post-Conviction Hearing Act in effect at the time of conviction (Ill.Rev.Stat. 1957, ch. 38, pars. 826 through 832) allowed the defendant five years from the date of his conviction in which he might seek post-conviction relief. Although the time period was extended in 1965 by statute to 20 years from the date of conviction, (Ill.Rev.Stat. 1965, ch. 38 par. 122—1), it is clear that since defendant's five years had expired prior to the filing of the instant petition, he cannot claim the benefit of the amended statute. *(People v. Reed, 42 Ill.2d 169.)* Since the period in which post-conviction relief could be sought expired in 1964, the defendant is barred from further proceedings under the Act.

Defendant contends that the petition filed in 1970 is an amendment to his 1962 petition. We do not agree. In *People v. Le May, 44 Ill.2d 58,* we held that where a prior petition is dismissed, "the purported amendments must be regarded, not as amendments, but as a subsequent petition which was subject to dismissal under the Act." (44 Ill.2d at 60.) We interpreted section 122—3 of the Act (Ill.Rev. Stat. 1967, ch. 38, par. 122—3) as providing any defendant one opportunity to present claims of constitutional error and,where the alleged errors were the subject of a prior petition, the decision is *res judicata* and cannot be relitigated.

Since defendant did raise the possibility of incompetency of counsel in his 1962 petition that issue is *res*

*judicata* and this petition is merely an attempt to relitigate an issue previously decided. We make no holding as to the propriety of the trial court's dismissal of the 1962 petition, but do note that the defendant did not seek appellate relief from this dismissal. Defendant cannot now appeal under the guise of an amendment to his original petition.

The judgment of the circuit court of Effingham County is affirmed.

*Judgment affirmed.*