(No. 44271.─

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RALPH NICHOLS a/k/a ERNEST RALPH BEAS-LEY, Appellant.

*Opinion filed March 30, 1972.*

THEODORE A. GOTTFRIED, Illinois Defender Project, Ottawa (BRUCE STRATTON, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-

field, and JAMES N. DE WULF, State's Attorney, of Rock Island (FRED G. LEACH and THOMAS J. IMMEL, Assistant Attorneys General, and F. STEWART MERDIAN, Assistant State's Attorney, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In a 1952 Rock Island County circuit court bench trial petitioner, Ralph Nicholls, also known as Ernest Ralph Beasley, was found guilty of armed robbery and sentenced to a term of 50 to 60 years imprisonment.

Petitioner's *pro se* petition under the Post-Conviction Hearing Act (Ill.Rev.Stat. 1963, ch. 38, par. 826 *et seq.*) was dismissed in 1963 on the grounds that the statute of limitations had expired in 1957. While appointment of counsel had been requested in that petition, counsel had not been appointed. No appeal was taken from that dismissal although there is some intimation in the petition with which we are here concerned that a writ of error had been sought in 1957 and denied. Likewise, there is a nonspecific reference to a circuit court denial of a 1961 section 72 petition.

On December 31, 1970, some 13 years after the expiration of the statute of limitations (Ill.Rev.Stat. 1963, ch. 38, par. 826), petitioner filed a second *pro se* post-conviction petition in which he alleged that he was then detained in the psychiatric division of the Illinois State Penitentiary, that he was insane at the time of his trial, that there was no determination of probable cause made at his preliminary hearing, that the indictment was obtained by the use of false evidence, that he was not advised of the consequences of his waiver of a jury trial, that pretrial publicity deprived him of a fair trial, and that he had incompetent trial counsel. He also requested that counsel be appointed. This second petition was dismissed on the State's motion without the appointment of counsel

on the basis that the dismissal of his prior post-conviction petition was *res judicata.* This appeal is concerned with that dismissal.

Although "the prior denials of the post-conviction petitions are *res judicata* of all claims raised therein and of all constitutional claims which could have been raised \*\*\*" *(People v. Holland, 33 Ill.2d 246, 248),* this court has not hesitated to relax the application of that general rule where fundamental fairness so requires. *(People v. Polansky, 39 Ill.2d 84.)* We have also stated that the "[d]ismissal of insufficient *pro se* petitions without appointment of counsel, where properly requested, thwarts the legislative purpose and creates due process problems [citations omitted] in attempting to thereafter apply *res judicata* and waiver principles predicated upon the original proceeding in which neither statutory nor due process requirements are met." *Polansky, p. 87.*

Here, as in *Polansky,* the petitioner's original post-conviction petition was erroneously dismissed without providing counsel as requested. Petitioner alleges that he was insane at the time of the trial and is being detained in the psychiatric division of the State penitentiary. Such allegations indicate the possibility of petitioner's continuing insanity which could have prevented the running of the statute of limitations in the original proceedings. (Ill.Rev. Stat. 1963, ch. 38, par. 826.) Since this possibility exists, we cannot say with certainty that the statute of limitations is a bar to the second petition, and the absence of counsel prevents dismissal of the first petition from operating as *res judicata.*

Thus, it is our judgment that "[a] defendant who was denied his right to appointed counsel cannot be procedurally defaulted because he failed to invoke appellate procedures in the first post-conviction proceedings where such failure to appeal most probably resulted from the absence of such counsel." *People v. Polansky, 39 Ill.2d 84, 88.*

Our decision in *People v. Richeson, 50 Ill.2d 46,* is not controlling here. Unlike the instant case, the defendant's conviction in *Richeson* was affirmed on the merits on direct appeal. Furthermore, in *Richeson,* the original post-conviction petition was dismissed as *res judicata* since it raised only issues which were or could have been raised on his direct appeal, and a second petition merely alleged the incompetency of trial counsel which had been previously raised. It did not there appear that the presence of counsel in the original proceedings could have avoided that dismissal.

Unlike *Richeson,* the petitioner's *pro se* allegations here suggest his continuing insanity which if established would overcome the statute of limitations bar; in *Richeson,* it was alleged only that the defendant was incompetent to stand trial and that issue had been decided against the defendant on direct appeal. We therefore hold that the circuit court erred in dismissing petitioner's second post-conviction petition without appointment of counsel and the opportunity to file an amended petition.

The judgment of the Rock Island County circuit court is reversed and the cause remanded with directions to vacate the dismissal and appoint counsel for petitioner.

*Reversed and remanded, with directions.*