THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALAN ROBINSON, Defendant-Appellant.

Third District   No. 77-269

Opinion filed April 10, 1978.

332

Allan A. Ackerman and Steven M. Levin, both of Ackerman, Durkin & Egan, of Chicago, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (James E. Hinterlong and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Alan Robinson appeals from an order of the Circuit Court of Knox County dismissing his supplemental petition for post-conviction relief without an evidentiary hearing. On appeal, defendant argues that he was entitled to an evidentiary hearing on his supplemental petition because the petition and supporting affidavit alleged the breach of a plea agreement.

It is noted from the record that defendant was indicted with the offenses of aggravated kidnapping, kidnapping, armed robbery, robbery, intimidation, burglary, aggravated battery, unlawful use of weapons, and aggravated assault. These charges arose from an incident on November 2, 1974, when defendant and an accomplice, both armed with sawed-off shotguns, entered a residence at 1:30 a.m., held the husband and wife residents captive until after daybreak, and then held the wife hostage while sending the husband to his bank for the purpose of withdrawing ransom money. On January 24, 1975, defendant, accompanied by court-appointed counsel, appeared in court and pleaded not guilty to each count of the indictment.

On April 25, 1975, defendant appeared in court, withdrew his plea of not guilty to the burglary count of the indictment, and entered a plea of guilty to that count pursuant to a plea agreement. Prior to allowing defendant to withdraw his not-guilty plea, the court questioned defendant, ascertaining that defendant had thoroughly discussed the

change of plea with his appointed counsel, that defendant was aware of the possible sentence on the charge of burglary, and that defendant was aware that he was waiving his rights to a jury trial, to present witnesses on his behalf, and to confront the witnesses against him. The court then determined the conditions of the negotiated plea as follows:

"BY THE COURT: What is the plea negotiation * * *?

BY MR. STOFFEL [Defendant's counsel]: The plea negotiation was that the Defendant would receive as a sentence on Count VI [the burglary count] to which the guilty plea is being tendered; a sentence of not less than two nor more than six years in the penitentiary. Further negotiations include a dismissal of the remaining eight counts of the indictment, and also dismissal of all other pending charges against Defendant in this county. * * *

BY THE COURT: Does that property [properly] state the arrangement?

BY MR. WOOLSEY [State's Attorney]: It does indeed.

BY THE COURT: Do you understand that, Mr. Robinson?

BY MR. ROBINSON: I do.

BY THE COURT: The Court is aware of the plea arrangement. The Court has no objections to that negotiated plea. However, I would like to further advise you that if the Court proceeds and sentences you according to this negotiated plea arrangement, do you realize that you are waiving your right to have a presentence report and a hearing in aggravation and mitigation, and by that I mean that you will be sentenced to not less than two nor more than six years to the penitentiary, and you are waiving your right to have any further hearing as to why you should be granted leniency in this case. Do you understand that?

BY MR. ROBINSON: I do."

The court further questioned defendant:

"BY THE COURT: * * *. I would also like to ask you this before we conclude this matter. This is a negotiated plea. Have you been coerced or threatened or in any way compelled to enter into this plea contrary to your own wishes?

BY MR. ROBINSON: To my own wishes.

BY THE COURT: It was your voluntary act?

BY MR. ROBINSON: Yes, it is."

The court then allowed defendant to withdraw his plea of not guilty, accepted defendant's plea of guilty to the burglary count, and sentenced defendant to a term of from 2 to 6 years in the penitentiary.

On October 24, 1975, defendant filed a petition for post-conviction relief, with supporting affidavit, alleging that prior to April 25, 1975, defendant and his appointed counsel had entered into a plea agreement

with the State's Attorney whereby the State's Attorney promised that if defendant assisted by providing specific information in a certain murder prosecution, the State's Attorney would recommend a 1- to 3-year sentence upon defendant's plea of guilty to burglary. Defendant's affidavit stated that just prior to the change of plea hearing on April 25, 1975, the State's Attorney informed defendant that he could no longer recommend a 1- to 3-year sentence and that defendant would have to accept a 2- to 6-year recommendation. Defendant's petition for postconviction relief did not request the vacation of his guilty plea, but sought specific performance of the alleged prior plea bargain. After hearing arguments on defendant's petition, the circuit court on December 22, 1975, entered an order denying defendant's petition. Defendant did not appeal from that order.

On May 21, 1976, defendant filed a "supplemental" petition for postconviction relief, incorporating by reference the substantive allegations and supporting affidavit of defendant's prior petition. The State moved to dismiss this petition, arguing, in part, that the claims in the supplemental petition were barred by the doctrine of res judicata.

We note that the trial court stated on April 4, 1977, "considering as true all of the facts stated in defendant Robinson's affidavit, along with his subsequent conduct as reflected in the report of proceedings, indicates that he was not misled, coerced, or wrongfully induced to enter his guilty plea by any unfulfilled promise, but continued in a course of action fully knowing the circumstances." The court entered an order denying defendant's second petition, after considering that petition on the merits. The appeal in the instant case is from that order in the circuit court denying his supplemental petition for post-conviction relief.

● 1, 2 The State argues that defendant's post-conviction petition is barred by the doctrine of res judicata since defendant failed to appeal from the denial of the first post-conviction petition. The supplemental petition contains the same substantive allegations as the first petition. We note that defendant did not take a timely appeal from the denial of the first petition. As stated by the Illinois Supreme Court in *People v. Richeson* (1971), 50 Ill. 2d 46, 48, 277 N.E.2d 134:

> "In *People v. Le May*, 44 Ill. 2d 58, we held that where a prior petition [for post-conviction relief] is dismissed, 'the purported amendments must be regarded, not as amendments, but as a subsequent petition which was subject to dismissal under the [Post-Conviction Hearing] Act." (44 Ill. 2d at 60.) We interpreted section 122—3 of the Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—3) as providing any defendant one opportunity to present claims of constitutional error and, where the alleged errors were the subject of a prior petition, the decision is *res judicata* and cannot be relitigated."

(Accord, *People v. Nicholls* (1972), 51 Ill. 2d 244, 281 N.E.2d 873; *People v. Meeks* (1st Dist. 1975), 31 Ill. App. 3d 396, 334 N.E.2d 253.) On the basis of the precedents, therefore, we conclude that the dismissal of defendant's supplemental petition would have been proper for the reason that the supplemental petition sought merely to relitigate claims which were the subject of defendant's initial petition for post-conviction relief. The dismissal of defendant's initial petition, operated to bar relitigation of those claims under the doctrine of res judicata.

■■ As stated in *People v. Willis* (1st Dist. 1977), 50 Ill. App. 3d 498, 503, 365 N.E.2d 597:

> "Petitioner has the burden of demonstrating that his constitutional rights have been violated (*People v. Watson* (1972), 50 Ill. 2d 234, 236, 278 N.E.2d 79, 80) and where the record shows ample opportunity for petitioner or his counsel to object that a plea agreement has not been fulfilled, the petition and affidavits must definitely show that such an agreement existed or the State's motion to dismiss the petition without an evidentiary hearing should be granted."

We note that in the instant case, defendant's counsel (who according to defendant's affidavit was aware of the 1- to 3-year recommendation discussion) actually presented the terms of the negotiated plea for the 2- to 6-year term to the court, and that neither defendant nor his counsel (though there was adequate opportunity at the change of plea hearing) objected to the terms of the negotiated plea at that time. We, therefore, conclude that where defendant does not seek a vacation of his guilty plea but rather specific performance of a 1- to 3-year sentence bargain, defendant's petition was properly dismissed without a hearing because the petition and supporting affidavit did not, when considered in light of the report of proceedings, make a substantial showing that defendant was denied due process of law.

For the reasons stated, therefore, the judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.