THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
OKELL J. SIZEMORE, JR., Defendant-Appellant.

Fourth District   No. 4—91—0532

Opinion filed March 31, 1992.

STEIGMANN, J., specially concurring in part and dissenting in part.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's
Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle,
Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial in the circuit court of Woodford County,
defendant Okell J. Sizemore was sentenced to a term of imprison-
ment of 90 months on his conviction for criminal sexual assault. (Ill.

Rev. Stat. 1989, ch. 38, par. 12—13(a)(4).) Defendant was given credit for 71 days served in custody prior to sentencing.

On appeal, defendant raises two issues. Defendant argues he should have been given credit for 74 days served in the county jail as a result of the charge in this case. Defendant also argues the trial court improperly sent to the jury the written statement of defendant without redacting those portions which related to crimes for which he was not on trial or, in the alternative, that it was ineffective assistance of counsel for his counsel to fail to move to delete portions of the statement or to request a limiting instruction. We affirm.

The 15-year-old victim, K.P., lived with her mother, her brother and defendant in a family relationship. Defendant was the boyfriend of the victim's mother. The testimony established that he was born on January 16, 1947, and that he had lived with the victim and her family for five years.

On October 18 and 19, 1990, the victim stayed home from school because she was ill. The victim testified that on one of those days, while she was watching television, defendant approached her and initiated sexual contact which culminated in intercourse. K.P. did not resist because defendant had beaten her on previous occasions and she was afraid of another beating.

In addition, there was evidence concerning the statements defendant made to the authorities after he was arrested in which he admitted the sexual assault. In the written statement defendant gave to Josh Hendrix, an investigator for the Illinois Department of Children and Family Services, defendant described in detail the incident for which he was charged and corrected what he described as inaccuracies in the victim's description of the incident.

The defense attempted to attack the victim's credibility through the testimony of defendant's son, who stated he and the victim went to school on the days in question. In surrebuttal, the victim's mother testified defendant's son was no longer living with them in October 1990. In rebuttal, defendant's son testified he had a court date on October 24, 1990, to which he was driven by defendant and for which he provided defendant's address as his own. One of the neighbors also testified she saw defendant's son in the home during the week of October 15, 1990.

Defendant testified the statements he made, and in particular the written statement, were fabricated. He explained he was depressed, nervous, and upset when he was taken into custody. He and the victim's mother had recently broken off their relationship

for financial reasons unrelated to the incident for which he was being tried. He had not eaten or slept properly for the month prior to his arrest. He loved the victim's mother and did not want to make her or her daughter out to be liars. He thought the victim's mother "wanted me guilty, and I wanted to be guilty for her."

■ In discussing what exhibits should be sent to the jury, defendant objected with regard to the written statement on the grounds previously asserted in a motion to suppress, but not for the reason now argued on appeal. Nor did defendant include this issue in his motion for a new trial. For these reasons, the issue is waived. *People v. Enoch* (1988), 122 Ill. 2d 176, 185-92, 522 N.E.2d 1124, 1129-32, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; *People v. Barrios* (1986), 114 Ill. 2d 265, 275, 500 N.E.2d 415, 419.

Defendant does not argue that the giving of the written statement to the jury is plain error. (134 Ill. 2d R. 615(a).) Instead, defendant would have this court consider the issue by ascertaining whether he received ineffective assistance of counsel.

> "The standards for evaluating ineffective assistance of counsel are set out in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246. In order to establish ineffective assistance of counsel so as to require reversal of a conviction, the defendant must demonstrate counsel's performance was so deficient that the defense attorney was not functioning as 'counsel' as guaranteed by the sixth amendment of the United States Constitution. Defendant must show the deficient performance of counsel prejudiced the defense, deprived defendant of a fair trial, fell below an objective standard of reasonableness, and that the result would probably have been different had counsel not provided ineffective assistance. Allegations arising from matters of judgment or trial strategy will not support a claim of ineffective assistance of counsel." (*People v. Clark* (1991), 207 Ill. App. 3d 439, 449-50, 565 N.E.2d 1373, 1380.)

Although the defendant's written statement, which included references to other sexual acts between defendant and the victim for which defendant was not being tried, could not have been admitted to establish defendant's propensity to commit the charged offense, this court has previously determined that evidence of other sexual acts with a victim is admissible to show the relationship and familiarity of the parties and to corroborate the victim's testimony. Even

when the fact that the defendant and victim had a continuing relationship or knew each other is not an issue, such evidence is admissible to demonstrate the intimacy of the relationship. (*People v. Cregar* (1988), 172 Ill. App. 3d 807, 821-22, 526 N.E.2d 1376, 1386.) Nevertheless, defendant argues his attorney should have sought to have the trial court edit the statement so as to eliminate references to other criminal acts or to seek an instruction which would limit the use of the other crimes evidence by the jury. Defendant suggests Illinois Pattern Jury Instructions, Criminal, No. 3.14 (2d ed. 1981) could be modified to state the appropriate limited purpose for the evidence.

The written statement included an admission by defendant that he had sexual relations with the victim 30 or 40 times during a three- to four-year period. A number of incidents were described in detail including one in which the victim allegedly crawled through a bathroom window in order to have sex with the defendant while he was on the toilet. In her argument to the jury, the first point defense counsel made was that the jurors were going to see the statement. She brought to the jurors' attention the feelings defendant had toward the victim's mother and the stress he felt as a result of the discontinuance of their relationship. She pointed to the fact that defendant had been considered possibly suicidal after his arrest and that special precautions were taken with him.

This argument ties in with defendant's testimony that the statement was fabricated because, in a confused way, he felt he was accommodating the woman he loved. Defense counsel may well have believed that the jurors, after reading the statement, would conclude that it must have been fabricated because it was so bizarre. Defense counsel might also have believed that a limiting instruction to the jury would have restricted the inferences she would have the jury draw from the written statement, including that the victim was not only a willing participant, but initiated sexual encounters with defendant. Therefore, we conclude the decisions not to object to the written statement and to seek a limiting instruction were tactical decisions which are not subject to second guessing by this court under the guise of ineffective assistance of counsel analysis.

Equally important is that, even had defense counsel's representation of defendant fallen below an objective standard of reasonableness, defendant has failed to demonstrate that the result would probably have been different had an objection been made or a limiting instruction sought. Throughout his entire testimony, defendant never denied he had intercourse with the victim on the occasion

about which she testified. His entire testimony focused on attacking the statements he gave to the authorities after his arrest and the credibility of the victim by insinuating that there was no time on the date in question that he would have been alone with the victim. Testifying that a statement which includes an admission is fabricated is not the equivalent of a denial of the victim's accusations where the defendant's statement to authorities was made in part to correct "inaccuracies" in the victim's version of the incident and included references to other sexual encounters to which the victim did not refer.

The defendant must show that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Stewart* (1990), 141 Ill. 2d 107, 118, 565 N.E.2d 968, 973, quoting *Strickland v. Washington* (1984), 466 U.S. 688, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) Defendant has not demonstrated that the outcome in this case would probably have been different had defense counsel successfully objected to the jury viewing the entire statement and, failing that, sought a limiting instruction on the jury's use of the references to other offenses contained therein.

■■ As to the remaining issue, the State concedes defendant is entitled to 74 days' credit against his sentence. The presentence report (PSI) shows, "The defendant was in custody in the Woodford County Jail from December 21, 1990 until March 2, 1991; therefore the defendant was incarcerated for 71 days." This statement was incorrect on its face and the parties would know that. Even accepting the dates shown in the PSI, it was 72 days. The parties now agree that the defendant was in custody as follows:

| | |
|---|---|
| December 21-31 | 11 days |
| January | 31 days |
| February | 28 days |
| March 1-4 | 4 days |
| TOTAL | 74 days |

The trial court did grant the 71 days, which was incorrect on its face, according to the PSI dates of incarceration. Although this issue is not raised in the trial court, such issues may be raised for the first time on appeal. (*People v. Donnelly* (1992), 226 Ill. App. 3d 771.) In *People v. Childs* (1992), 226 Ill. App. 3d 915, 922-23, this court deemed the issue of whether the defendant was entitled to the $5-*per-diem* credit against his sentence not to be waived because defendant had not received a statutorily required written no-

tice. (Ill. Rev. Stat. 1989, ch. 38, par. 110—14.) We find no substantive distinction between *Childs* and the case at bar even though the statute for the $5 credit requires notice be given to defendant by the circuit clerk. That statute was not a secret, and defendant in *Childs* could have raised the *per diem* issue in the trial court.

For the foregoing reasons, the judgment of the circuit court of Woodford County is affirmed. However, that portion of the sentencing order which inaccurately states the sentence credit is reversed and the cause is remanded to the circuit court to amend the sentencing order to reflect the appropriate sentence credit.

Affirmed in part, reversed in part, and remanded with directions.

LUND, J., concurs.

JUSTICE STEIGMANN, specially concurring in part and dissenting in part:

For the reasons stated in my opinion specially concurring in part and dissenting in part in *People v. Donnelly* (1992), 226 Ill. App. 3d 771, 779 (Steigmann, J., concurring in part and dissenting in part), I respectfully dissent from that portion of the order in this case that reverses the sentencing order and remands to the circuit court with directions to amend the sentencing order to reflect the appropriate credit for time served.

The presentence report in the present case contained specific information as to the dates defendant was in custody for which he was entitled to be given credit against the sentence subsequently imposed. At his sentencing hearing, defendant failed to complain about any inaccuracies in the presentence report regarding those dates or about how much credit the court gave him for time served. Instead, he raises these issues for the first time on appeal, and we ought not permit him to do so. I dissent.