No. 85–459. MELLON BANK, N. A., ET AL. *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied.

JUSTICE O'CONNOR, with whom JUSTICE BLACKMUN and JUSTICE POWELL join, dissenting.

The Internal Revenue Code allows a deduction from the taxable estate of bequests "to or for the use of any corporation organized and operated exclusively for . . . charitable . . . purposes." 26 U. S. C. § 2055(a)(2). This petition presents the question whether a bequest to a nonprofit cemetery association qualifies for a deduction pursuant to this section.

A. Leon Davis died testate on December 6, 1976. His will provided that the residue of his estate was to be distributed to the Verona Cemetery in Oakmont, Pennsylvania. The cemetery was established by nearby residents in 1881 as a nonstock, nonprofit corporation for the purpose of providing burial space to any person regardless of religion or race. Davis' executors filed a federal

estate tax return, paid the tax, and then submitted a claim asserting a charitable deduction of $370,901.74, the total amount distributed to the cemetery. The Internal Revenue Service disallowed the deduction and denied the accompanying claim for a refund. After exhausting administrative remedies, the executors instituted the present refund action in Federal District Court. Concluding that Verona Cemetery was a "corporation organized and operated exclusively for . . . charitable . . . purposes," 590 F. Supp. 160, 162, n. 1 (WD Pa. 1984), the District Court held that the bequest qualified for a deduction under § 2055(a)(2). In reaching that conclusion, the court observed that the cemetery was exempt from federal income taxes, that the bequest had already been held exempt from Pennsylvania's inheritance tax and, more generally, that bequests to public nonprofit cemetery associations traditionally had been considered charitable under the common law of trusts.

A divided panel of the Court of Appeals for the Third Circuit reversed. 762 F. 2d 283 (1985). It acknowledged the "anomaly" of treating nonprofit cemetery associations differently for federal estate and income tax purposes. It believed, however, that this asymmetry was compelled by the language and history of the relevant provisions of the Code. Employing language that closely parallels § 2055(a)(2), § 501(c)(3) exempts from federal income taxes "[c]orporations . . . organized and operated exclusively for . . . charitable . . . purposes." Since 1913, the Code has included a separate exemption for "[c]emetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit." 26 U. S. C. § 501(c)(13). In 1954, as part of the general revision of the Code, Congress enacted § 170(c)(5), which permits deductions of contributions to any cemetery company that meets a standard virtually identical to that set out in § 501(c)(13). After examining this history, the Court of Appeals concluded that nonprofit cemetery companies did not qualify as a "charitable" corporation under § 2055(a)(2). Because Congress had thought it necessary to enact a special provision for cemeteries on the income tax side, the court reasoned, it must have believed that such entities were not within the general deduction for "charitable" contributions. 26 U. S. C. § 170 (c)(2)(B). Thus, the court concluded, the failure to adopt a parallel provision on the estate tax side foreclosed petitioners' contention that ceme-

tery associations qualified as "charitable" within the meaning of § 2055(a)(2).

This reasoning is far from inevitable. That Congress explicitly provided for nonprofit cemetery associations in § 501(c)(13) and § 170(c)(5) does not lead inescapably to the conclusion that many such associations are not within the more general exemption for "charitable" corporations. Some family cemetery corporations, for example, are covered by § 501(c)(13) but almost certainly would not qualify as "charitable" within the more general language of § 501(c)(3). See *John D. Rockefeller Family Cemetery Corp.* v. *Commissioner*, 63 T. C. 355 (1974). Congress clearly intended to confer on these private cemetery associations an exemption from federal income taxation. *Ibid.* The nearly identical language of § 170(c)(5) suggests that Congress also intended that contributions to such associations be tax deductible. But it does not inevitably follow that public organizations that already qualified as "charitable" suddenly ceased to be so by virtue of a decision to afford a tax benefit to some organizations that could not meet this more restrictive requirement. This construction is especially unlikely in light of the virtually uniform consensus under state common and statutory law that nonprofit, public cemetery associations are "charitable" and that bequests to such organizations are therefore exempt from inheritance taxes. See, *e. g., In re Estate of Edwards*, 88 Cal. App. 3d 383, 151 Cal. Rptr. 770 (1979). See also Restatement (Second) of Trusts § 374, Comment *h* (1959).

I recognize that the Court of Appeals' analysis conforms with that of other federal courts that have considered the issue. See, *e. g., Child* v. *United States*, 540 F. 2d 579, 584 (CA2 1976). I recognize also, in the words of the dissenting judge below, that "[t]he Republic will stand" regardless of how this issue is resolved. 762 F. 2d, at 287. Nonetheless, because the Court of Appeals' construction of the Code will have a significant impact on the financial vitality of these organizations and because I am unconvinced that this anomalous construction is justified by the language and history of the relevant provisions of the Code, I would grant the petition for certiorari.