No. 88–93.   UNION PACIFIC RAILROAD CO. ET AL. *v.* MORITZ, TRUSTEE OF IOWA RAILROAD CO.   C. A. 7th Cir.   Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 88–195.   KREISHER *v.* MOBIL OIL CORP.   Ct. App. Cal., 1st App. Dist.   Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 88–338.   ROBINSON *v.* CONNECTICUT.   App. Ct. Conn. Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 88–339.   STAMLER ET AL. *v.* ZAMBONI.   C. A. 3d Cir. Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 87–1800.   ROBERTSON, EXECUTOR OF THE WILL OF HAND *v.* UNITED STATES.   C. A. 6th Cir.   Certiorari denied.

JUSTICE BLACKMUN, with whom JUSTICE O'CONNOR joins, dissenting.

This case concerns the deductibility, under §§ 170 and 2055 of the Internal Revenue Code of 1954, 26 U. S. C. §§ 170 and 2055, of a testamentary disposition to a nonprofit cemetery, which enjoys tax-exempt status under § 501(c)(13) of the Code.   The Solicitor General concedes that such a donation is deductible for federal income tax purposes, but he resists deductibility for federal estate tax purposes.   Whether this distinction is legally sound is, I feel, an issue deserving plenary consideration by this Court.

I therefore dissent and would grant the petition for a writ of certiorari.   I adhere to the reasons set forth by JUSTICE O'CONNOR in her opinion (which Justice Powell and I joined) dissenting from the denial of certiorari in *Mellon Bank, N. A.* v. *United States*, 475 U. S. 1032 (1986).

No. 87–1864.   CLEVELAND NEWSPAPER GUILD, LOCAL 1, ET AL. *v.* PLAIN DEALER PUBLISHING CO.   C. A. 6th Cir.   Certiorari denied.   JUSTICE WHITE and JUSTICE BLACKMUN would grant certiorari.