UNITED STATES of America, Plaintiff,

v.

Eymard H. MOLITOR, Mary Molitor, Roger Eichman and A–G Co–Op. Creamery, Defendants.

No. 91–C–308–C.

United States District Court, W.D. Wisconsin.

April 13, 1992.

John B. Van Hollen, Asst. U.S. Atty., Madison, WI, for USA.

Mart W. Swenson, Laman & Swenson, Eau Claire, WI, for Eymard H. Molitor.

Terrence J. Byrne, Byrne, Goyke, Olsen, S.C., Wausau, WI, for Mary Molitor.

Roger Eichman, Trempealeau, WI, for Roger Eichman.

Lawrence J. Broeren, Kostner, Ward & Koslo, Arcadia, WI, for A–G Co-op. Creamery.

## OPINION and ORDER

CRABB, Chief Judge.

This civil action for foreclosure is before the court on the government's objections to the Report and Recommendation entered herein by the United States Magistrate Judge on March 20, 1992. The government challenges the magistrate judge's proposed conclusions that state law should be incorporated as the federal rule of decision in determining the rights of FmHA mortgagors and mortgagees and that under state law, defendants Eymard and Mary Molitor retain legal title to the property foreclosed upon that is protected by the automatic stay provisions of 11 U.S.C. § 362(a).

From the record, it appears that defendants Eymard and Mary Molitor executed or assumed certain promissory notes and assumption agreements that they delivered to the Farmers Home Administration. These notes and agreements were secured by security agreements covering certain personal property and by mortgages covering certain real estate.[1] When defendants defaulted on the notes, plaintiff moved to foreclose defendants' right, title and interest in the real estate and personal property, and to bar defendants from "all rights and equity of redemption in the property except the statutory right to redeem provided for under State law." Complaint, prayer for relief, par. (c).

Defendants Eymard and Mary Molitor answered the complaint, asking that they be provided a one year statutory period of redemption. Subsequently, they reached an agreement with the United States Attorney, under which the Molitors would withdraw their answer and the United States would drop Count I of its complaint relating to personal property, and defer seeking confirmation of any sale of real property until after November 1, 1991. Default judgment was entered on May 30, 1991. In accordance with the request of the government, the period of redemption was set at sixty days from the date of the judgment.

The Molitors did not redeem the property and it was sold at public sale on December 18, 1991. A hearing on confirmation of sale was scheduled for January 29, 1992. Assistant United States Attorney J.B. Van Hollen appeared at the hearing and advised

---

1. In the complaint, plaintiff alleges that "defendant(s) Roy K. Semb and Barbara A. Semb" executed the mortgages. This appears to be a typographical error. Any legal significance it might have has been waived by the Molitors.

the court that the Molitors had filed bankruptcy proceedings. The parties were directed to brief the effect of the bankruptcy proceeding on the government's right to seek confirmation of the sale.

The government's motion to confirm the sale was referred to the magistrate judge, who recommended denial of the government's motion for confirmation of sale until the government secured relief from the automatic stay that became effective when the Molitors filed for bankruptcy.

## OPINION

■ The initial question is whether the question is controlled entirely by federal law, or whether state law supplies the law of decision. The magistrate judge concluded that state law should be used in this situation, and I agree. I realize that this holding conflicts with that of the other court in this district. *See United States v. Weiss*, 91–C–679–S, 1991 WL 504865 (W.D.Wis. Dec. 6, 1991). However, I find myself in disagreement with Judge Shabaz's conclusion. I believe he erred in relying on *United States Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir.1981), which was based on a Ninth Circuit case, *United States v. Stadium Apartments, Inc.*, 425 F.2d 358 (1970), that related to loans made under the National Housing Act, rather than the FmHA program. The Ninth Circuit has limited the holding in *Victory Highway Village* to NHA loans, and has held that state law should supply the law of decision for FmHA loans. *See United States v. Ellis*, 714 F.2d 953 (1983). The holding in *Ellis* conforms to the directives in *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), for determining when state law should be adopted as the federal rule of decision: (1) Is the nature of the federal program such that a nationally uniform rule of law is necessary? (2) Would the application of the state rule frustrate specific objectives of the federal program? (3) would the application of a federal rule disrupt commercial relationships predicated on state law? *Id.* at 728–29, 99 S.Ct. at 1458–59. As the Court of Appeals for the Ninth Circuit concluded, it is not necessary to have a nationally uniform rule of law for FmHA loans; the application of state mortgage redemption periods will not frustrate any specific objectives of the program, but will enhance them, and will conform to commercial relationships within the state. *Ellis*, 714 F.2d at 955–56.

■ Although I look to state law to determine the period of redemption, doing so does not affect defendants' right of redemption. As the magistrate judge pointed out, defendants failed to move to vacate the default judgment that limited their redemption period to sixty days, and are bound by that judgment.

■ Defendants have no right of redemption in this case. However, they do retain legal title to their property until judicial confirmation of the sale has taken place. That interest is of little actual value to the Molitors, but it did pass into the bankruptcy estate once the Molitors filed for bankruptcy and it is protected by the automatic stay. Therefore, it is necessary for the government to seek relief in the bankruptcy court before proceeding with the hearing on the confirmation of sale.

The government places heavy weight on an Illinois case, *Matter of Tynan*, 773 F.2d 177 (7th Cir.1985). In that case, however, the court of appeals held only that the bankruptcy court could not extend the period of redemption more than 60 days beyond the commencement of bankruptcy proceedings. 11 U.S.C. § 108(b). The Molitors are not arguing that they should have additional time in which to try to redeem their real estate. Their opportunity for doing so expired before they filed the bankruptcy proceeding. Their only argument is that the United States cannot force them to turn over legal title to their property until and unless it secures relief from the automatic stay.

The United States (and others) may wonder why the Molitors should be forcing the government to go through the bankruptcy proceeding when doing so can provide no benefit to the Molitors and only create extra expense for the government. The only

answer is that the Bankruptcy Code admits of no end runs around the provisions of the automatic stay. Like any other litigant, the United States must proceed according to those provisions.

## ORDER

IT IS ORDERED that the conclusions of law proposed by the United States Magistrate Judge in the March 20, 1992 Report and Recommendation are ADOPTED as the court's own and his recommendation is accepted. FURTHER, IT IS ORDERED that plaintiff's motion for confirmation of sale is DENIED until plaintiff has sought relief from the automatic stay provision that protects the Molitors' legal title to their real property.

## REPORT AND RECOMMENDATION

CROCKER, United States Magistrate Judge.

## INTRODUCTION

The government has moved for confirmation of sale in the above-entitled foreclosure action. Judgment of foreclosure and sale on defendants' property was entered on May, 30, 1991. Defendants' property was sold to a third party on December 18, 1991. Defendant Eymard H. Molitor filed for bankruptcy on January 23, 1992. Molitor contends that the confirmation of sale should be stayed under 11 U.S.C. § 362.

For the reasons stated below, I am recommending that this court deny the government's motion to confirm, at least until the automatic stay in bankruptcy court is disposed of in some fashion.

Section 362(a) provides that a petition for bankruptcy operates as a stay of all proceedings to recover claims against a petitioning debtor. 11 U.S.C. § 362(a) (1979 & Supp.1991). Molitor argues that he still has a redemption right under Wisconsin law and thus, the confirmation of sale must be stayed under § 362(a). In the alternative, Molitor contends that the "confirmation of the sale" is, in itself, a proceeding to which § 362(a) applies.

The government argues that because defendant had no right to redeem after the entry of judgment of foreclosure, the property did not pass into the bankruptcy estate, and thus was not subject to § 362(a). The government maintains that defendants' reliance on Wisconsin law on redemption rights is incorrect because federal law controls decisions involving the government's rights under federal programs. *United States v. Kimball Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979).

## CONCLUSIONS OF LAW

The first question is whether state law or federal law controls the redemption/confirmation question. As discussed below, I believe that state law controls.

The foreclosure action in this case involves the rights of the United States under the Farmers Home Administration (FmHA) Program. In *United States v. Kimball Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711, the Supreme Court acknowledged that federal law applies to cases in which the government is asserting or foreclosing a lien, but articulated a three-prong test for determining whether state laws should be adopted as the federal rule of decision. *Id.* at 726, 99 S.Ct. at 1457. The test asks the following questions: (1) Is the nature of the federal program such that a nationally-uniform rule of law is needed? (2) Would the application of the state rule frustrate specific objectives of the federal program? (3) Would the application of a federal rule disrupt commercial relationships which are predicated on state law? *Id.* 728–29, 99 S.Ct. at 1458–59.

Application of this test has resulted in somewhat inconsistent results. In *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir.1981), the Eighth Circuit held that state redemption laws were not applicable to foreclosure of federally held or insured loans under the National Housing Act (NHA). The court relied heavily on *United States v. Stadium Apartments. Inc.*, 425 F.2d 358 (9th Cir.

1970), *cert. denied Lynch v. United States*, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185 which held that post-sale redemption rights did not apply to foreclosure of mortgages guaranteed by the NHA.

In *United States v. Ellis*, 714 F.2d 953 (9th Cir.1983), however, the Ninth Circuit concluded state redemption laws applied in FmHA foreclosures. *Id.* at 956. The court distinguished *Stadium Apartments* on the basis of the differing underlying federal policies involved in the different programs. *Id.* at 957. The underlying purpose of the NHA was to "spur homebuilding," leading the court to conclude that "the added costs associated with redemption rights would defeat the primary purpose of the Act to build and make available as much housing as possible." *Id.* at 956. The court found, however, that state redemption law did not adversely affect the FmHA loan program, and noted that the laws might even advance the "the federal policy of strengthening the farming segment of the economy." *Id.* The court reasoned that redemption periods made it more likely that a property would sell closer to its fair market value after foreclosure. Suppliers of farming equipment and materials, therefore, would be more willing to extend credit to farmers because there would be a better chance that there would be money leftover after the government had collected its debt. *Id.*

Though the court in *Ellis* did not specifically state that it was applying the *Kimball Foods* test, it does cite the case, and the court's analysis answered at least questions two and three of the test: use of state law does *not* frustrate federal policy and adoption of a federal rule *would* tend to disrupt commercial transactions between farmers and creditors. Finally, the court in *Ellis* implicitly answers question one of the *Kimball Foods* test: there is no need for a federal rule. Increased costs alone will not justify the need for a federal rule. *Id.* at 955. *See also Kamen v. Kemper Financial Services*, —— U.S. ——, ——, 111 S.Ct. 1711, 1717, 114 L.Ed.2d 152 (1991) (the presumption that state law should be adopted is "particularly strong in areas in which private parties have entered legal relationships with the expectations that their rights and obligations would be governed by state-law standards").

This circuit has not directly addressed the question whether state redemption rights apply in foreclosures of federally held mortgages, but some cases do at least shed light on the issue. In *U.S. v. Lair*, 854 F.2d 233 (7th Cir.1988), the court applied state law to determine whether a guarantor of a Small Business Administration loan had waived its rights to have mortgaged property sold under state law. *Id.* at 237. The court found that the plaintiffs had waived their state sale rights; without this waiver, however, it appears that the court would have applied state law. *See also In re Iowa R. Co.*, 840 F.2d 535, 540 (7th Cir.1988), *cert. denied Union P.R. Co. v. Moritz*, 488 U.S. 899, 109 S.Ct. 244, 102 L.Ed.2d 233 ("even when the United States is a party [to an action] courts must ordinarily find in state law the rules of decision"). I also note that in its complaint, the government appears to recognize that state law applies, since the government requests that defendants be barred "from all rights and equity of redemption in the property except the statutory right to redeem provided for under State law."

Accordingly, I find that Wisconsin's redemption laws apply to the foreclosure in this case.

In Wisconsin, a mortgaged property generally cannot be sold until twelve months have passed from the entry of a foreclosure judgment. Wis.Stat. § 846.10(2) (1989–90). An exception exists under Wis. Stat. § 846.101, which allows a sale to take place six months after entry of judgment if the plaintiff waives the right to a deficiency judgment and the property consists of less than twenty acres. The government did not seek a deficiency judgment in this action, but the defendants' property consists of approximately 160 acres. (Exhibit F) So, § 846.101 does not apply here.

There is also an exception to the one-year period of redemption for commercial properties which are entitled to only a six-month redemption period under Wis.Stat.

§ 846.103 (1989–90). While "A–G Coop Creamery" is listed as a defendant in this case, no one has argued that this property fits within the definition of commercial property in § 846.103, so I assume that the six-month redemption period does *not* apply here.

Thus, it appears that the government sold the property before the statutory redemption period had run, though the parties do not address this issue in their briefs.

Normally the failure to comply with the redemption periods under Wisconsin law would be reason enough to deny the government's motion to confirm the sale. On May 30, 1991, however, this court granted plaintiff a default "judgment of foreclosure and sale" which gave defendants a 60–day period of redemption.[1] Molitor did not move and has not moved to vacate the default judgment under Rule 60(b) and is, therefore, bound by the court's determination of the period of redemption. Fed. R.Civ.P. 55(c); Fed.R.Civ.P. 60(b).

In Wisconsin, a mortgagor retains the right to redeem until after judicial confirmation of the sale. *Hobl v. Lord,* 157 Wis.2d 13, 17, 458 N.W.2d 536, 537 (App. 1990) *revd. on other grounds, Farm Credit Bank of Saint Paul v. Lord,* 162 Wis.2d 226, 470 N.W.2d 265 (1991). In its complaint, however, the government requested that defendants be barred from all rights and equity of redemption except for the "statutory right to redeem provided under State law." This appears to be an attempt to enforce clauses in the mortgages which waived defendants' right to redeem after the foreclosure sale.[2]

The entry of default judgment in this case barred the defendants from all rights of redemption after the sale of the property. Under Wisconsin law, however, "sale" has been held to refer to the *confirmation* of the foreclosure sale. *Hobl v. Lord,* 157

Wis.2d at 17, 458 N.W.2d 536. While this is generally the case, in *this* case such an interpretation would controvert the plain meaning of the judgment of foreclosure. This court has given effect to the mortgage provisions which preclude defendants from redeeming after the foreclosure sale and, again, defendants are bound by this determination. Thus, I find that the judgment of foreclosure bars the defendants from redeeming after the property had been auctioned.

Though Molitor had (and has) no right to redeem, under Wisconsin law he still retains legal title to the property until judicial confirmation of the sale. Wis.Stat. § 846.17; *In re Madison Hotel Associates,* 749 F.2d 410, 422 (7th Cir.1984) (in Wisconsin, the "mortgagee acquires title to property only after judicial confirmation of the foreclosure sale") (citing *Glover v. Marine Bank of Beaver Dam,* 117 Wis.2d 684, 697, 345 N.W.2d 449, 455 (1984)).

So, Molitor still possessed a recognizable legal interest in the property, however minute, when he filed for bankruptcy. The automatic stay of the bankruptcy code applies to:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other *action or proceeding against the debtor* ... to recover a claim against [and] any act to obtain possession of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C.A. 362(a) (1979 & Supp.1991). The stay "is extremely broad in scope and aside from the limited exceptions of subsection (b) should apply to almost any type of formal or informal action against the debtor or the property of the estate." 2 *Collier on Bankruptcy* ¶ 362.04 (15th ed. 1979 &

---

1. I do not believe that the court intended its granting of a 60–day redemption period to signal its use of federal common law rather than state law. It would not be dispositive of Molitor's rights in any event, as discussed below.

2. One of defendants' mortgages, for example, provides that "any right provided by [the laws

and constitution of the jurisdiction where the property lies] for redemption or possession *following foreclosure sale* shall not apply, and that no right of redemption or possession shall exist *after the foreclosure sale.*" Exhibit R, at (19) (emphasis added). Defendants' other mortgages contain similar provisions.

Supp. Nov. 1991) (footnote omitted); *see also In re Holtkamp*, 669 F.2d 505, 506 (7th Cir.1982) (§ 362(a) has broad application). The property to which the automatic stay applies includes "all *legal* or equitable interests of the debtor." 11 U.S.C. § 541 (1979 & Supp.1991) (emphasis added).

Under Wisconsin law, a mortgagor retains possession of the property until after the confirmation of the sale, Wis.Stat. § 846.17 (1989–90), and a motion for confirmation of sale thus can be characterized as a proceeding to obtain possession of property of the estate. In *In re Spencer*, 115 B.R. 471 (D.C.Del.1990), the court, applying Delaware law, found that although the debtor had no equitable interest in the property after a foreclosure sale, legal title did not vest in the purchaser until the confirmation of sale. Thus, the legal title to the property passed into the bankruptcy estate and confirmation of the sale was stayed. *Id.* at 483–85. In *In re Virginia Hill Partners I*, 110 B.R. 84 (Bankr. N.D.Ga.1989), the court concluded that Georgia's judicial confirmation of sale was a proceeding that was stayed by § 362(a). *Id.* at 87.

Likewise, I find that § 362(a) applies to judicial confirmation of foreclosure sales in Wisconsin. Therefore, this court cannot, at this time, confirm the sale, as requested by the government.

My recommendation that this court deny the government's motion to confirm the sale does not necessarily prevent the third-party purchaser of the property from gaining full title to the property before the completion of the bankruptcy proceedings. The stay may be vacated under § 362(d) if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C.A. § 362(d) (1979 & Supp.1991). It is certainly within this court's power to vacate the stay if it chooses to do so.

## RECOMMENDATION

IT IS RESPECTFULLY RECOMMENDED, pursuant to 28 U.S.C. § 636(b)(1)(B), that the government's mo-

tion to confirm the sale in the above-entitled action, be DENIED.

Entered this 20th day of March, 1992.