THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN HENRY GREEN, Petitioner-Appellant.

First District (5th Division)   No. 1—87—0362

Opinion filed July 26, 1991.

72

Randolph N. Stone, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Inge Fryklund and Keven Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COCCIA delivered the opinion of the court:

Petitioner-appellant John Henry Green appeals the dismissal, without evidentiary hearing, of his petition for post-conviction relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). We affirm.

On March 19, 1982, petitioner was convicted by a Cook County jury of: (1) murder of Leon Emphriam; (2) attempted murder of Denise Chaney; and (3) aggravated battery upon Denise Chaney. Petitioner was sentenced on April 21, 1982, to concurrent prison terms of 35 years for murder and 30 years for attempted murder, with no sentence being imposed for aggravated battery. The charges arose out of an incident occurring on January 27, 1981, in the City of Chicago. Following his conviction, petitioner appealed. At his trial petitioner was represented by retained counsel; on direct appeal he was represented by the public defender.

On March 4, 1983, petitioner's direct appeal was affirmed by this court upon the filing of a motion to withdraw by the public defender pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. See *People v. Green* (1983), 112 Ill. App. 3d 1159 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)).

On August 14, 1986, petitioner filed his *pro se* petition for post-conviction relief in the circuit court. His petition alleged several trial errors. Coupled to each claim of error was the additional contention that petitioner was denied the effective assistance of trial and appellate counsel required by the sixth and fourteenth amendments to the United States Constitution. U.S. Const., amends. VI, XIV.

The trial court reviewed the petition for post-conviction relief on January 20, 1987. It concluded that petitioner had not raised any constitutional question and that his allegations were not supported by the record. In addition, the trial court ruled that the issues raised by petitioner should have been raised on the direct appeal and, since they were not, they were barred from further review by principles of waiver and *res judicata.*

We originally affirmed the trial court in an order issued on March 10, 1989, pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23). However, we granted the petition for rehearing in order to address peti-

tioner's claims in light of *People v. Flowers* (1990), 138 Ill. 2d 218, 561 N.E.2d 674.

Two basic claims are pursued on appeal. First, petitioner claims that, having pleaded self-defense to the murder charge, he tried to establish that the murder victim, Leon Emphriam, had a reputation in the community for violence and for carrying a gun. He alleges that the trial court, over defense objections, refused to permit inquiry into these matters. He further claims that his appellate attorney's failure to raise these claims on direct appeal deprived him of the effective assistance of appellate counsel.

Second, petitioner alleges that there was reversible error in the murder and voluntary manslaughter instructions used at his trial. Petitioner argues that the errors should have been preserved by trial objection, motion for new trial, and on direct appeal, and that the failure to preserve these issues deprived him of the effective assistance of trial and appellate counsel.

In view of our analysis, we need only summarize the facts. On January 27, 1981, at about 2:15 to 2:30 a.m., petitioner and James Blanton were walking home from a lounge in Chicago when they encountered the victims, Leon Emphriam and Denise Chaney, along with two other women. According to petitioner, he and Emphriam argued.

Petitioner then walked four blocks to his home, accompanied by Blanton, and obtained a .38 caliber handgun. Blanton testified that petitioner made threats against Emphriam at this time. Petitioner and Blanton returned to the corner where they again encountered Emphriam and Chaney. Blanton testified that the argument was renewed between petitioner and Emphriam. Emphriam had his hands in his jacket pockets.

According to petitioner's testimony, he had obtained his gun because he was going to take a bus to his aunt's house. He intended to give her the gun for protection. While walking to the bus stop, according to petitioner's testimony, Leon Emphriam stopped him and Blanton and started arguing with them. Emphriam lunged at him. Petitioner pulled his pistol, and shot and killed Emphriam, and then turned and shot Chaney, injuring her.

Petitioner testified that he shot Emphriam in self-defense after he saw Emphriam lunge at him with his hand in his pocket. Petitioner testified he thought Emphriam had a gun, because he had seen Emphriam carrying a .38 caliber pistol on past occasions and that he believed Emphriam "normally carries one." He testified that he shot Chaney in a panic as he was turning and running away; he did not

intend to shoot her. Petitioner denied making any threatening statements about Emphriam prior to or during the second encounter. No gun was found on Emphriam's body.

According to Chaney's testimony, petitioner returned to the corner, made a remark, and then almost immediately shot Emphriam in the forehead, killing him. According to Chaney, Emphriam had his hands in his pockets.

Blanton testified that petitioner asked Emphriam if he had thought about dying just before he shot him. However, Blanton admitted that he had not said that in a prior statement to an assistant State's Attorney made later on the morning of the incident.

Neither Chaney nor Blanton testified to any lunging move or any other circumstances that would support petitioner's claim of self-defense. After shooting Emphriam, according to both Blanton and Chaney, petitioner stepped forward to where Chaney was kneeling on the ground over Emphriam's body. Petitioner then shot Chaney in the back of the neck, severely injuring her. Chaney feigned death, and petitioner and Blanton ran down the street.

■■ ■ An action brought under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) is a collateral attack on a judgment of conviction; it is not an appeal from that conviction. (*People v. Ruiz* (1989), 132 Ill. 2d 1, 9, 547 N.E.2d 170, 173.) "The purpose of the proceeding[s] is to resolve allegations that constitutional violations occurred at trial, when those allegations were not, or could not have been, adjudicated previously." (*People v. Sanders* (1991), 209 Ill. App. 3d 366, 373, 568 N.E.2d 200, 204; see also *People v. Gaines* (1984), 105 Ill. 2d 79, 87, 473 N.E.2d 868, 872; *People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, 833.) The burden is on the defendant to establish a substantial deprivation of rights under the United States Constitution or the Constitution of Illinois. Determinations by the trial court will not be disturbed unless manifestly erroneous. (*People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, 832.) We have interpreted the term "manifest error" to mean error which is clearly evident, plain and indisputable. *People v. Sanders*, 209 Ill. App. 3d at 373, 568 N.E.2d at 205.

■■ ■ A trial court is authorized to dismiss summarily a petition for post-conviction relief if the petitioner fails to set forth facts which make the required showing as to the claimed constitutional deprivation. (*People v. Sanders*, 209 Ill. App. 3d at 373, 568 N.E.2d at 205.) While a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right, such a hearing should be held when the petitioner makes a substantial showing, supported by the trial record,

of a violation of constitutional rights. *People v. Caballero* (1989), 126 Ill. 2d 248, 259, 533 N.E.2d 1089, 1091; *People v. Silagy*, 116 Ill. 2d at 365, 507 N.E.2d at 833; *People v. Gaines*, 105 Ill. 2d at 91-92, 473 N.E.2d at 875.

In *People v. Gaines* (105 Ill. 2d at 90-91, 473 N.E.2d at 875), our supreme court recognized that where claims of ineffective assistance of trial counsel are contained in the trial record, those claims could properly be considered *res judicata* when raised in a post-conviction proceeding.

In *People v. Stewart* (1990), 141 Ill. 2d 107, 117-19, 565 N.E.2d 968, 973, the court declined to review allegations of ineffective assistance of trial counsel contained in the record. However, the claims of appellate counsel's ineffectiveness were reviewed.

In the present case, to the extent petitioner is raising claims of ineffective assistance of trial counsel based on the matters contained on the face of the record, we must apply the doctrines of waiver and *res judicata* to bar his claims. *People v. Stewart*, 141 Ill. 2d 107, 565 N.E.2d 968.

Petitioner first contends that the trial court erred in refusing to permit inquiry into Emphriam's reputation for violence and for carrying a gun. This error was preserved by trial counsel, and thus, we will not address it because it is *res judicata*. (*People v. Gaines*, 105 Ill. 2d 79, 473 N.E.2d 878.) Moreover, the deceased's reputation for violence was introduced through Wallace, a defense witness. As to the deceased's reputation for carrying a gun, no foundation was shown which qualified Wallace to give reputation testimony on this point.

Petitioner next contends that there were errors in the murder and voluntary manslaughter jury instructions, and the errors were not preserved by trial or appellate counsel. The test for determining ineffective assistance of appellate counsel is generally drawn from *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. See *People v. Albanese* (1984), 104 Ill. 2d 504, 526-27, 473 N.E.2d 1246, 1255-56 (adopting standard). See also *People v. Caballero* (1989), 126 Ill. 2d 248, 533 N.E.2d 1089 (applying standard to appellate counsel).

Under *Strickland*, a defendant claiming ineffective assistance of counsel must make two showings, first, "that counsel's performance was deficient" and second, "that the deficient performance prejudiced the defense." The first, or deficient performance, prong "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment." The second, or prejudice, prong "requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." A defendant has to make both showings to prevail on his claim that the adversary process broke down so that the result was unreliable. (*Strickland v. Washington*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) A reviewing court may determine an ineffective assistance of counsel claim on either the deficient performance prong or the prejudice prong of the *Strickland* test. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *People v. Stewart*, 141 Ill. 2d at 119, 565 N.E.2d at 973.

■■ ■ Similarly, in *People v. Stewart* (141 Ill. 2d at 119, 565 N.E.2d at 968), our supreme court stated the controlling test for claims of ineffective assistance of appellate counsel:

> "A defendant who maintains that appellate counsel rendered ineffective assistance, for example by failure to argue a particular issue, must show that 'the failure to raise that issue was objectively unreasonable' and that, 'but for this failure, his sentence or conviction would have been reversed.' "

We conclude that the jury instructions in petitioner's case constitute an erroneous statement of the burden of proof, as found in *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141. The jury instructions here are substantially similar to those discussed in *People v. Reddick.* In view of our supreme court's holding in *Reddick* that the jury instructions constitute grave error, and given the court's recent decision to review such error on direct appeal under the plain error standard (see *People v. Shields* (1991), 143 Ill. 2d 435, 445-46), we do not find the issue to be waived by trial counsel's failure to preserve it. (*People v. Carter* (1989), 177 Ill. App. 3d 593, 598, 532 N.E.2d 531, 535.) However, we need not address whether appellate counsel rendered ineffective assistance on appeal by failing to raise this issue because, in any event, *People v. Reddick* does not apply retroactively to cases on collateral review. *People v. Flowers* (1990), 138 Ill. 2d 218, 561 N.E.2d 674; *People v. Shields*, 143 Ill. 2d 435.

■■ Petitioner acknowledges *People v. Flowers*; nevertheless, he urges that *Reddick* must be applied retroactively to his case, even though he is proceeding on collateral review. A new rule of law may be applied on collateral review if it is required to achieve fundamental fairness or if it establishes a new procedure without which the likelihood of an accurate conviction is seriously diminished. *People v. Flowers*, 138 Ill. 2d at 237-42, 561 N.E.2d at 681-84, citing *Teague v.*

*Lane* (1989), 489 U.S. 288, 313, 103 L. Ed. 2d 334, 358, 109 S. Ct. 1060, 1075-77.

Petitioner claims that the instructional error in his case ought to be governed by the exception in *Teague v. Lane.* We note, however, that our supreme court specifically addressed the exception in *People v. Flowers* and held that it did not warrant retroactively applying *People v. Reddick* on collateral review. (Accord *People v. Sanders* (1991), 209 Ill. App. 3d 366, 377, 568 N.E.2d 200, 207.) We therefore hold that the instructional error claimed by petitioner cannot be applied retroactively and accordingly we reject petitioner's retroactivity argument.

In addition, we think that *People v. Flowers* is factually inapposite. The problem in *Flowers* stemmed from the jury's return of verdicts of guilty on both murder and voluntary manslaughter. (*People v. Flowers*, 138 Ill. 2d at 233, 561 N.E.2d at 678.) By contrast, in the case at bar, petitioner's jury convicted him of the murder count only and did not return a completed verdict form for voluntary manslaughter.

For the reasons stated herein, we affirm the judgment of the circuit court of Cook County dismissing petitioner's petition for post-conviction relief without an evidentiary hearing.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.