THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT RUSSELL, Defendant-Appellant.

Second District No. 2—92—0113

Opinion filed July 29, 1993.

Theodore Gottfried and Charles M. Schiedel, both of State Appellate Defender's Office, of Springfield, and Steven Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Robert Russell, was found guilty by a jury of two counts of armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) and two counts of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(1)). The circuit court of Lake County sentenced defendant to two consecutive 30-year terms of imprisonment. Defendant appealed

to this court in *People v. Russell* (1986), 143 Ill. App. 3d 296, and his sentence and conviction were affirmed.

This appeal arises out of defendant's post-conviction petition which defendant filed *pro se* following his direct appeal. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) The issue presented in the post-conviction petition asked whether defendant had been denied the effective assistance of counsel where trial counsel failed to advise defendant of the possibility of consecutive prison terms during the plea bargaining which took place before the trial. The circuit court of Lake County dismissed the post-conviction petition as frivolous. We affirm.

Defendant's *pro se* petition alleged, in relevant part, that his trial counsel failed to inform him of the true maximum sentence he was facing and, as a result, he rejected the plea bargain offered by the State. Defendant's petition asserted that, as a result, his case was prejudiced requiring a new trial or a sentence reduction. The trial court ruled that the allegations in defendant's petition for post-conviction relief failed to allege facts that would constitute a substantial denial of petitioner's rights under the constitutions of the State of Illinois or the United States. The trial court thereby dismissed defendant's petition as frivolous and without merit.

On appeal, defendant argues that it was a due process violation to dismiss the petition without first appointing counsel to assist in improving the petition. Defendant explains that had counsel been properly appointed, defendant would not have failed to supply affidavits and other evidence to support the post-conviction petition. Defendant also asserts that, since he is representing himself *pro se*, he need only make a simple statement as to (1) how he had been denied the effective assistance of counsel and (2) how the summary dismissal of his *pro se* petition denied him any meaningful chance to demonstrate a sixth amendment violation.

We affirm the holding of the trial court below because, regardless of the presence or absence of supporting affidavits, defendant has failed to state a claim which illustrates a substantial deprivation of his constitutional rights.

■ The purpose of a post-conviction petition is to resolve allegations that constitutional violations occurred at trial which were not, or could not have been, adjudicated previously. (*People v. Silagy* (1987), 116 Ill. 2d 357, 365; *People v. Green* (1991), 218 Ill. App. 3d 71, 75.) An evidentiary hearing should be conducted when the petitioner makes a substantial showing of a violation of constitutional rights which is supported by the record in the case or by accompanying affi-

davits; however, a post-conviction petitioner is not necessarily entitled to an evidentiary hearing as a matter of right. (*Silagy*, 116 Ill. 2d at 365.) Defendant bears the burden of establishing a substantial deprivation of constitutional rights, and determinations by the trial court will not be disturbed unless manifestly erroneous. (*Silagy*, 116 Ill. 2d at 365.) If a petitioner fails to set forth facts which make the required showing as to the claimed constitutional deprivation, the trial court is authorized to summarily dismiss the petition. *Green*, 218 Ill. App. 3d at 75.

■ In the present case, the trial court properly dismissed the petition because, even if defendant's allegations are true, they do not support a claim that defendant's constitutional rights have been violated. In *People v. Jackson* (1991), 213 Ill. App. 3d 806, 811, we noted our inability to find any Illinois cases which hold that the failure to inform a defendant of his eligibility for an extended-term sentence during plea negotiations constitutes ineffective assistance of counsel. Likewise, in the present case, defendant cites no authority for the proposition that he has a constitutional right to be fully informed before *rejecting* a plea bargain offer.

According to *People v. Navarroli* (1988), 121 Ill. 2d 516, a plea bargain, standing alone, does not give rise to a constitutionally protected interest; rather, it is the ensuing guilty plea that implicates the constitution. Therefore, defendant's inability to reap the benefits of the plea agreement did not deprive defendant of liberty or any other constitutionally protected interest because defendant did not plead guilty in reliance on the agreement. *People v. Boyt* (1985), 109 Ill. 2d 403; see also *People v. Luna* (1991), 211 Ill. App. 3d 390.

We also note that defendant's assertions do not support an ineffective assistance of counsel claim because defendant cannot show (1) that the results of the trial would have been different absent trial counsel's errors or (2) that trial counsel's conduct so undermined the proper function of the adversarial process the trial could not be relied upon as having produced a just result. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Chandler* (1989), 129 Ill. 2d 233.) Since defendant does not have a constitutional right to be fully informed of his options before *rejecting* a plea bargain, defense counsel's actions cannot be said to have undermined the adversarial process, nor can they be said to have affected the trial such that it could not produce a just result. Importantly, defendant was not induced to plead guilty, and he received a fair trial, resulting in a conviction which we affirmed on direct appeal.

Defendant asks to be excused of the requirement that he support his petition with affidavits or other evidence because he represented himself *pro se*. While we agree that the first stage of a post-conviction proceeding filed *pro se* will withstand dismissal if it contains a simple statement which presents the gist of a claim for relief, that statement must also be meritorious when considered "in view of the record of the trial court proceedings." (*People v. Dredge* (1986), 148 Ill. App. 3d 911, 913.) Since we find nothing on the record which would support defendant's petition, the trial court correctly dismissed it as frivolous.

In addition, defendant fails to recognize the provision of the Post-Conviction Hearing Act which allows the trial court to dismiss a petition as frivolous or lacking merit *before* an order is made appointing counsel. Specifically, the statute provides that "[i]f appointment of counsel is so requested, *and the petition is not dismissed [as frivolous] pursuant to Section 122—2.1*, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 122—4.

Therefore, in the absence of affidavits supporting the meritless allegation that defendant's constitutional rights were violated, the trial court properly dismissed defendant's petition as frivolous.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and DOYLE, JJ., concur.