THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant and Cross-Appellee, v. KURTIS WASHINGTON, Petitioner-Appellee and Cross-Appellant.

First District (3rd Division) No. 1—91—2607

Opinion filed December 1, 1993.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Laurie N. Feldman, and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

Joel T. Pelz and Ellen R. Kordik, both of Jenner & Block, of Chicago, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

In a jury trial, defendant Kurtis Washington was convicted of the shooting death of Tony Hightie and received a 25-year sentence. Defendant unsuccessfully appealed his conviction. Defendant then filed a petition for post-conviction relief (petition) under the Illinois Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 et seq.).

After an evidentiary hearing, the trial court denied defendant

any relief. Thereafter, defendant filed a post-hearing motion which sought leave to amend the petition to conform the pleadings to the proof offered at the evidentiary hearing by adding a claim for newly discovered evidence which would exonerate defendant.

The trial court allowed the amendment and granted post-conviction relief on the new evidence claim. The State now appeals the order granting a new trial, and defendant cross-appeals the order denying the post-conviction relief sought in the original petition.

We affirm both orders of the trial court.

On appeal, the State contends that the trial court erred in granting a new trial on allegedly newly discovered evidence on grounds that: (1) the Act does not grant relief for newly discovered evidence; (2) the testimony of Jackie Martin, a witness in hiding at the time of trial, failed to meet the standard for newly discovered evidence; and (3) the State was not given an opportunity to contest this issue because of defendant's change in the theory upon which he proceeded.

Defendant was found guilty of the murder of Tony Hightie on July 1, 1982. At trial, defendant based his defense on the alibi that, at the time of Tony Hightie's murder, defendant was at his mother's home watching television, then en route to and from the grocery store, and then en route to his girl friend's home, where he would stay for the evening. We affirmed the conviction in an unreported order, *People v. Washington* (1983), 121 Ill. App. 3d 1160 (unpublished order under Supreme Court Rule 23).

In July 1990 defendant filed the petition which set forth nine grounds, essentially alleging that defendant was denied effective assistance of counsel and a fair trial, and, therefore, was denied his sixth amendment right to counsel.

At the evidentiary hearing on the petition, defendant introduced the testimony of Jackie Martin, the former girl friend of Marcus Halsey, whom Martin implicated as the true culprit in the murder of Tony Hightie. Defendant also presented testimony from additional witnesses who corroborated Martin's alternative explanation for Hightie's death.

At the conclusion of the evidentiary hearing, the trial court denied post-conviction relief on the ineffective assistance of counsel claims and deemed the remaining claims *res judicata.*

In June 1991 defendant filed a post-hearing "Motion Directed Against The Judgment And For Leave to Conform the Petition To The Proof" based on the testimony of Jackie Martin as newly discovered evidence. According to defendant, Martin could not be located until March 1991. Defendant also asked the trial court to reconsider its denial of relief under the original petition.

In July 1991, after hearing oral arguments by the parties, the court again denied relief under the original petition but allowed defendant to amend the petition with a claim of newly discovered evidence. The court granted defendant a new trial on the basis of this evidence.

The State argues that the trial court erred in granting defendant's petition for a new trial based on the provisions of the Act. According to the State, the Act provides relief for constitutional errors occurring at trial, for which newly discovered evidence does not qualify. Since the Act does not provide relief for newly discovered evidence and defendant has failed to obtain relief under various alternative statutes within their respective time limitations (*e.g.*, Ill. Rev. Stat. 1989, ch. 38, par. 116—1(b) (motion for a new trial must be brought within 30 days of conviction); Ill. Rev. Stat. 1989, ch. 110, par. 2—1401 (relief from final orders and judgments, after 30 days from the entry thereof, must be brought within two years of conviction)), executive clemency represents defendant's remaining hope for relief.

By its terms, the Act provides relief to prisoners who suffered a substantial denial of Federal or State constitutional rights at trial. (Ill. Rev. Stat. 1989, ch. 38, par. 122—1.) However, contrary to the State's contention, Illinois courts interpret the Act to include claims for new trials based on newly discovered evidence. (*People v. Molstad* (1984), 101 Ill. 2d 128, 134, 461 N.E.2d 398 (affidavits presenting exculpatory defense regarding convicted murderer's absence from murder scene amounts to new evidence to warrant a new trial); *cf. People v. Albanese* (1988), 125 Ill. 2d 100, 111, 531 N.E.2d 17; *People v. Silagy* (1987), 116 Ill. 2d 357, 367-68, 507 N.E.2d 830.) Hence, the Act provides State prisoners with an alternative to Federal *habeas corpus* to secure post-conviction relief based on claims of newly discovered evidence. (Compare *Townsend v. Sain* (1963), 372 U.S. 293, 317, 9 L. Ed. 2d 770, 788, 83 S. Ct. 745, 759 (State prisoners may petition the Federal district courts for *habeas corpus* relief when a constitutional infirmity occurs at trial or newly discovered evidence is relevant to the constitutionality of the detention and not merely to the issue of guilt or innocence), with *Coogan v. McCaughtry* (1992), 958 F.2d 793, 801 (newly discovered evidence can be so compelling as to violate a defendant's right to due process by not affording him a new trial).) The Act further provides State prisoners with an alternative to executive clemency since the Act establishes review of convictions "inconsistent with fundamental principals of liberty and justice." *People v. Cihlar* (1986), 111 Ill. 2d 212, 216, 489 N.E.2d 859.

■ A new trial may be warranted when the new evidence: (1) is of such conclusive character to *probably* change the result on retrial; (2)

is material but not cumulative; and (3) could not have been discovered prior to trial by the exercise of due diligence. (*Albanese*, 125 Ill. 2d at 111, citing *Molstad*, 101 Ill. 2d at 134.) Under this standard, the new evidence need not prove actual innocence (see *Albanese*, 125 Ill. 2d at 111), or directly implicate State conduct. See *People v. Lovitz* (1981), 101 Ill. App. 3d 704, 709, 428 N.E.2d 727 (expert's revised opinion regarding alleged murder weapon warrants evidentiary hearing to determine whether defendant's right to a fair trial was violated, and thus requires a new trial).

Determinations by the trial court will not be disturbed absent manifest error. (*People v. Green* (1991), 218 Ill. App. 3d 71, 75, 578 N.E.2d 169.) "Manifest error" means error which is "clearly evident, plain and indisputable." *Green*, 218 Ill. App. 3d at 75, citing *People v. Sanders* (1991), 209 Ill. App. 3d 366, 373, 568 N.E.2d 200.

■ The trial court properly applied the three-pronged *Molstad* test to defendant's petition with regard to the testimony of Jackie Martin and the corroborating testimony. In opposition to the State's argument, the trial court was not required to make an initial determination of Martin's credibility before deciding whether her testimony was of such conclusive character to probably change the result on retrial. (Ill. Rev. Stat. 1989, ch. 38, par. 122—6 ("The court may receive proof by affidavits, depositions, oral testimony, or other evidence").) Nonetheless, it is clear that the court found Martin credible for several reasons, including Martin's lack of bias toward defendant. In granting the defendant a new trial, the court asked:

> "[W]hy would a person when it is all behind them and they are not involved decide to come forward eleven years later when if there was some motivation or inducement for them to do so it might further question their credibility?"

Besides finding Martin a credible witness, the trial court found a "strong probability" that Martin's testimony could change the outcome on retrial. The court further considered Martin's testimony material since it directly concerned the crime for which defendant was convicted (*People v. Gray* (1988), 166 Ill. App. 3d 586, 589, 520 N.E.2d 93), but not cumulative since it offered a unique explanation of the events leading up to Tony Hightie's death. In addition, the trial court determined on two separate occasions that Jackie Martin could not have been discovered prior to trial by the exercise of due diligence.

The primary explanation of why Martin was "undiscoverable" concerns her decision to move from Chicago to Mississippi in late September or early October 1980. Martin explained that she based her decision to relocate on the fear that Marcus Halsey would harm

or even kill her if she told anyone about Halsey's activities the night Tony Hightie was murdered. For this reason, Martin instructed her mother, who still resided in Chicago, not to disclose her whereabouts. Martin lived with family members in Mississippi for approximately six years.

The Act thus applies to defendant's request for a new trial based on newly discovered evidence since Martin's testimony probably could change the result on retrial and was determined both material and undiscoverable before trial.

■ The remaining question concerns whether the trial court properly allowed defendant to amend his petition. The Act provides for a court, in its discretion, to allow amendment of petitions "as shall be appropriate, just and reasonable and as is generally provided in civil cases." (Ill. Rev. Stat. 1989, ch. 38, par. 122—5.) The Code of Civil Procedure provides for amendments "at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(c).) This court will affirm a trial court's allowance of amendments absent a clear abuse of discretion. (*Lawson v. Hill* (1979), 77 Ill. App. 3d 835, 844-45, 396 N.E.2d 617.) The standard applicable to whether a trial court properly exercised its discretion in allowing an amendment to conform to the proof is whether the amendment furthered the ends of justice. *Lawson*, 77 Ill. App. 3d at 845.

The State argues that the trial court abused its discretion in allowing defendant to amend his petition since the newly discovered evidence claim raised a new theory against which the State did not have an opportunity to defend. The State contends that because defendant was aware of Martin prior to the evidentiary hearing, as evidenced by the date on Martin's signed affidavit, yet failed to mention Martin until the hearing, the subsequent amendment based on her testimony was unfair and took the State by surprise. *Koplin v. Hinsdale Hospital* (1990), 207 Ill. App. 3d 219, 238, 564 N.E.2d 1347 (amendment raising issue not material to original complaint deprived other party of "due process right to prepare and offer a defense to a cause of action different from that stated in the original complaint").

However, allowing an amendment which adds a new theory of recovery is not necessarily an abuse of discretion. A pleading may be amended after the close of evidence to add a new theory of recovery if the evidence supports the new cause of action and the other party is not unfairly taken by surprise. (*Moore v. Roberts* (1991), 217 Ill. App. 3d 446, 455, 577 N.E.2d 538 (new cause of action did not prejudice defendant since new cause concerned issue contested from the

beginning); *Grundy County National Bank v. Myre* (1978), 65 Ill. App. 3d 368, 381 N.E.2d 1204 (no unfair surprise by amendment raising new theory of recovery even though other party prepared a defense to meet the original cause of action); *cf. Deming v. Montgomery* (1989), 180 Ill. App. 3d 527, 536 N.E.2d 150 (trial court abused its discretion in denying amendment which added a new theory of recovery after close of evidence).) Defendant based his amendment to the petition entirely on Martin's testimony which related to his original nine counts of ineffective assistance of counsel. (See *Moore*, 217 Ill. App. 3d at 455.) For example, the degree of diligence exercised by trial counsel to locate Martin would affect the issue as to whether defendant had ineffective counsel for sixth amendment purposes. See *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

Moreover, the State had the opportunity to cross-examine Martin with regard to all aspects of her testimony, and it took advantage of this opportunity in addition to reflecting upon Martin's lack of credibility and significance in closing argument. (*Lawson*, 77 Ill. App. 3d at 846 (defendants who cross-examined on issues of new claim could not claim unfair surprise).) The trial court also questioned Martin on issues concerning her flight from Chicago and found that "the interest of fairness" and the "equities" required that the amendment be allowed. Because the new evidence claim related to the claims in defendant's original petition and the State cross-examined Martin with regard to such new evidence, there was no abuse of discretion in allowing the amendment in the interest of justice.

We therefore find that the trial court did not abuse its discretion in allowing defendant to amend his petition to include Jackie Martin's testimony as a claim of newly discovered evidence and, therefore, affirm the order granting defendant a new trial under the Act.

For this reason, we need not address defendant's cross-appeal based upon the trial court's order denying him a new trial on grounds of ineffective assistance of counsel.

Affirmed.

TULLY, P.J., and CERDA, J., concur.