THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER ASSENATO, Defendant-Appellant.

Second District   No. 2—92—0455

Opinion filed January 14, 1994.—Rehearing denied March 18, 1994.

Allan A. Ackerman, of Law Offices of Allan A. Ackerman, P.C., of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Lisa A. Hoffman, and Norbert J. Goetten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Peter Assenato, appeals the trial court's dismissal, without an evidentiary hearing, of his petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.* (now codified, as amended, at 725 ILCS 5/122—1 *et seq.* (West 1992))). The defendant argues that he was denied his sixth amendment right to counsel because the counsel who represented him at trial was not his counsel of choice.

On December 22, 1986, the State charged the defendant with the unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c) (now codified, as amended, at 720 ILCS 570/401(d) (West 1992))) and armed violence (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2 (now 720 ILCS 5/33A—2 (West 1992))). On December 29, 1987, the State filed a five-count indictment against the defendant. Count I charged the defendant with the unlawful possession of less than 10 grams of a substance containing cocaine with the intent to deliver; count II, with armed violence based upon count I; count III, with the unlawful possession of less than 30 grams of a substance containing cocaine (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b) (now codified, as amended, at 720

ILCS 570/402(b) (West 1992))); count IV, with the unlawful use of a firearm by a felon (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(a) (now codified, as amended, at 720 ILCS 5/24—1(a) (West 1992))); and count V, with armed violence based upon count III.

The defendant's four-day trial commenced on March 22, 1988. The defendant was convicted of the unlawful possession of a controlled substance, armed violence based on that charge, and the unlawful use of a weapon by a felon. He was acquitted of the remaining two counts. On April 28, 1988, the trial court denied defendant's motion for a new trial. On May 12, 1988, the trial court sentenced defendant to 10 years' imprisonment for armed violence. The trial court found that the possession and unlawful use of a firearm by a felon counts had merged into the armed violence count.

The defendant appealed his conviction alleging that the trial court erred in failing to suppress certain evidence and quash the defendant's arrest; that the State improperly and prejudicially implied at trial that the defendant had committed other crimes; and that the State's closing argument was prejudicial. This court affirmed defendant's conviction in *People v. Assenato* (1989), 186 Ill. App. 3d 331.

On January 8, 1992, the defendant filed a *pro se* petition for post-conviction relief. The defendant first claimed that he was deprived of his constitutional right to counsel because the attorney who represented him, Ronald Nosek, was not the attorney he hired. In support of this claim, the defendant stated that Nosek had sued him and his family to recover attorney fees, and the trial court in that suit had found in favor of the defendant and his family. The defendant claimed that the "fabric of those proceedings" revealed that the defendant had not retained Nosek. The defendant further claimed that he was denied the effective assistance of counsel because his trial counsel (1) failed to object to the propriety of the jury instructions; (2) failed to object to the sentence that the trial court imposed; (3) failed to preserve for review a potential conflict of interest between himself and Angie Cassaccio; and (4) was unprepared.

The trial court dismissed the defendant's post-conviction petition on the ground that it was "frivolous and patently without merit." In particular, the trial court found that the defendant never raised either at his trial or on direct appeal that he had not hired the attorney who represented him. The trial court further found that the arbitration proceeding that dismissed Nosek's civil suit against the defendant and his family did not establish that the defendant had not hired Nosek. This proceeding, according to the trial court, only

established that neither the defendant nor his family owed more than the $20,000 that they had already paid in attorney fees. In addition, the trial court stated that "[t]he record does not support defendant's allegations regarding jury instructions, sentencing hearing, conflict of interest and defense preparation."

In this appeal, the defendant claims that the trial court erred in summarily dismissing his post-conviction petition without holding an evidentiary hearing. The defendant maintains that he did not hire Nosek to represent him. He argues, therefore, that (1) because he was not represented by the counsel of his choice, he was denied his sixth amendment right to counsel; (2) the Post-Conviction Hearing Act is designed to address issues that were not raised at trial; and (3) although the trial court found that the defendant's family paid $20,000 in legal fees, it did not make any finding as to whether they paid that money for Nosek's representation or whether they paid it to attorney William Martin.

■ A defendant is entitled to a hearing on his post-conviction petition if he makes a showing, supported by the trial record and accompanying affidavits, that he has suffered a substantial deprivation of his constitutional rights. (*People v. Spreitzer* (1991), 143 Ill. 2d 210, 218.) However, the defendant bears the burden of showing such a deprivation, and he is not entitled to an evidentiary hearing as a matter of right. (*People v. Russell* (1993), 247 Ill. App. 3d 907, 909.) If the defendant fails to set forth sufficient facts to establish a constitutional violation, the trial court is authorized to dismiss his petition summarily. *People v. Green* (1991), 218 Ill. App. 3d 71, 75.

■ A defendant's sixth amendment right to counsel includes a right to the counsel of the defendant's choice. (*People v. Johnson* (1979), 75 Ill. 2d 180, 185; *People v. McGee* (1991), 211 Ill. App. 3d 641, 648, *overruled on other grounds in People v. Jackson* (1992), 149 Ill. 2d 540, 553.) However, "the defendant's appearance with and treatment of a private attorney as his retained counsel ordinarily is deemed to constitute a ratification of defendant's employment of that attorney and the exercise of his right to counsel of his choice." (*People v. Smalley* (1988), 178 Ill. App. 3d 314, 318.) Where a defendant does not object to his counsel's representation, he is deemed to have acquiesced in that representation. *People v. Herrera* (1981), 96 Ill. App. 3d 851, 855.

■ The record reflects that Nosek, along with William J. Martin, Ltd., filed an appearance on the defendant's behalf on January 5, 1987. Nosek appeared on the defendant's behalf along with William Martin at numerous pretrial proceedings, including a hearing on the defendant's motion to suppress evidence. Nosek appeared at the

defendant's trial along with attorney Marc Martin. Nosek appeared alone at the hearing on the defendant's post-trial motions, although Nosek, William Martin and Marc Martin were listed as counsel on the defendant's motion for a new trial. Nosek appeared with Marc Martin at the defendant's sentencing hearing. It was primarily Nosek who conducted the defense at these court proceedings, although Marc Martin made some objections and cross-examined a couple of the witnesses at the defendant's trial. According to the defendant, Marc Martin was one of the attorneys who represented him on appeal.

The defendant has not identified any point in the record where he objected to Nosek's representation. This is not a case where the defendant failed to appear at trial while a lawyer not of his choosing represented him. (See *People v. Gazic* (1975), 30 Ill. App. 3d 1063, 1064 (abstract of opinion).) If the defendant did not want Nosek to represent him, he could have notified the trial court. (See *People v. Salazar* (1991), 211 Ill. App. 3d 899, 908.) The defendant appeared at the court proceedings and did not object to Nosek's representation. The defendant, therefore, acquiesced in Nosek's representation. The defendant did not claim that Nosek was not his counsel of choice until almost four years after his sentencing hearing and approximately five years after Nosek's first appearance. We therefore reject the defendant's sixth amendment claim.

■ We also disagree with the defendant's argument that the Post-Conviction Hearing Act entitles him to a hearing on the issue because he did not raise it at trial. The purpose of a post-conviction proceeding is to address constitutional issues that could not have been raised in a prior proceeding. (*People v. Coady* (1993), 156 Ill. 2d 531, 538-39; *People v. Meeks* (1993), 249 Ill. App. 3d 152, 162.) The defendant does not explain why either he or Marc Martin, an attorney that he does not deny retaining, could not have objected in the trial court to Nosek's representation. It is precisely the defendant's failure to object which constitutes his acquiescence in Nosek's representation.

■ We also conclude that the dismissal of the civil suit between Nosek and the defendant's family did not constitute proof that the defendant was not represented by the counsel of his choice. The trial court rejected that claim. The defendant has not provided this court with the record from that civil suit. In the absence of a complete record, we resolve all doubts in favor of the trial court's decision. (*Faustrum v. Board of Fire & Police Commissioners* (1993), 240 Ill. App. 3d 947, 950.) Furthermore, we do not think that a contractual dispute between the defendant and Nosek had any bearing on whether Nosek's representation violated the defendant's constitutional right to counsel. By not objecting to Nosek's representation, the defendant acquiesced in it.

We agree with the trial court that the defendant's post-conviction petition was frivolous and patently without merit. The defendant was not entitled to an evidentiary hearing.

The judgment of the trial court of Du Page County is affirmed.

Affirmed.

McLAREN and DOYLE, JJ., concur.